IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wholesale Granite Distributors, Inc.,                                        Case No. 3:05CV7348

        Plaintiff

   v.                                                                                        ORDER

Royal Melrose, Inc.,

        Defendant

On review of the briefs relating to plaintiff's motion to remand, I remain unable to discern the amount in controversy under plaintiff's complaint in this case.

In the complaint here, plaintiff alleges that the amount in controversy is more than $25,000. In its multiple counter-complaint claims in the action pending in the District of Minnesota, the plaintiff [defendant/counter-complainant in the Minnesota case] asserts that each of its claims is in excess of $50,000.

The Clerk shall set this case for a pretrial conference. At that conference, the plaintiff shall inform the court what the maximum amount of its possible recovery under its complaint in this court could be. By January 5, 2006, the plaintiff shall have informed the defendant of that amount, so that the defendant can respond to plaintiff's statement at the pretrial conference.

I note, based on cursory research, that the post-removal legal effect of having asserted the amount of a claim in the form used by plaintiff here may be to cast a shadow over the propriety of removal. *Compare Coleman Advertising, Inc. v. Visionmedia*, 2003 WL 345368, *3 (E.D. Mich) ("Defendant Walker makes no reference to the amount in controversy in his removal petition. Since Plaintiff's Complaint states that the amount in controversy exceeds $25,000.00 and Defendant Walker's pleadings do not include any facts or allegations to support a damages amount in excess of $75,000.00, the Court cannot find that diversity jurisdiction exists"). On the other hand, unless it appears "to a legal certainty that a claim is for less than the jurisdictional amount," removal is permissible. *See Faasen v. State Farm Fire and Cas. Co.*, 886 F.Supp. 625, 627-28 (W.D. Mich. 1995).

Before addressing the many and interesting legal issues raised by the pending motion (among them, whether I must first determine the remand issue [i.e., whether the jurisdictional amount has been shown vis-a-vis the case as removed before I can consider whether simply to transfer this case to the District of Minnesota] in addition to whether removal was or remand is proper), I prefer to call on plaintiff to state with specificity what amount it believes is in controversy via its complaint in this case.

It is, therefore,

ORDERED THAT the a pretrial conference is scheduled for January 10, 2006 at 4:30 p.m.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge